UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ROCHE AND SUE RADULOVICH,

      Plaintiffs,

v.                                                  Case No. 14-CV-11424
                                                  Honorable Denise Page Hood

CITIMORTGAGE, INC., TROTT & TROTT, P.C.,
FEDERAL HOME LOAN MORTGAGE CORP.,
JOHN DOE AND MARY ROE,

      Defendants.

_____/

**ORDER DEEMING MOOT PLAINTIFFS' OBJECTIONS TO DOCKET REASSIGNMENT AND REQUEST FOR CASE TO BE RETURNED TO PRIOR JUDGE AND DOCKET NUMBER, DENYING PLAINITFFS' MOTION TO STRIKE AND REMAND TO STATE COURT, AND DENYING PLAINTIFFS' REQUEST FOR SANCTIONS[#17]**

**I.    INTRODUCTION**

      This case involves an attempt to set aside a foreclosure sale after the expiration of the redemption period. Now before the Court are Plaintiffs, John Roche and Sue Radulovich's, Objections to Docket Reassignment and Request for Case to be Returned to Prior Judge and Docket Number, Motion to Strike and Remand to State Court, and Request for Sanctions. **[Docket No. 17, filed April 28, 2014]** For the reasons stated below, the Court **DEEMS MOOT** Plaintiffs' objection to docket

reassignment and request for the case to be returned to this Court. Plaintiffs' request for sanctions is **DENIED**. Plaintiffs' Motion to Strike and remand to state court is also **DENIED**.

## II.   STATEMENT OF FACTS

On or about February 24, 1999, Plaintiff Sue Radulovich purchased a property with a legal description of Lot 17, Grosse Pointe Shores Realty Co. Subdivision. There were two parcels: Parcel 40-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-001 (Gross Pointe Woods) and 74-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-001 (Gross Pointe Shores), collectively and commonly known as 505 Hampton Road, Gross Pointe Woods, MI 48236. Ms. Radulovich executed a mortgage with Standard Federal Bank for the property known as parcel 40-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-001. Ms. Radulovich also executed a Note as security on the Mortgage. On or about April 2, 2001, Standard bank became defunct. Plaintiffs allege that upon information and belief, they did not owe Standard Federal Bank any funds. On or about July 1, 2002, Ms. Radulovich quit claimed the property to herself and her husband, John Roche as tenants in the entirety. On June 18, 2009, Standard Federal Bank assigned the mortgage to CitiMortgage Inc. ("CMI) and recorded its interest on June 29, 2009.

In February 2009, Plaintiffs contacted Defendant CMI to discuss loan modification due to Plaintiffs' financial hardships. Defendant CMI advised Plaintiffs

that they would not be eligible for a loan modification program unless they missed two payments. Plaintiffs missed payments in May and June 2009 as a result. Plaintiffs did not sign the loan modification program until July 29, 2009. Plaintiffs made a timely payment under the modification program. They were advised by Defendant CMI that they were not in foreclosure but in a loan modification trial period. Plaintiffs received a Sheriff's Deed in the mail and Defendant CMI assured them that they were not in foreclosure. The Property was sold at a sheriff's sale to Federal Home Loan Mortgage Corporation ("Freddie Mac") on July 15, 2009.

Plaintiffs allege that Defendant Trott & Trott drafted the Sheriff's Deed and other documents with the wrong name and property address. Defendant CMI informed Plaintiffs that it would not accept any further modification payments because Freddie Mac owned the Property. Defendant CMI also stated that it was working to reverse the foreclosure. Defendant Trott & Trott filed an affidavit expunging the sheriff's sale with the Wayne County Register of Deeds in April 2010.

In December 2010, Defendant CMI informed Plaintiffs that Trott & Trott had reversed the foreclosure and that Plaintiffs could resume making modification payments. However, Defendant CMI would not accept the payment when Plaintiffs sent it because Freddie Mac owned the Property. Defendant CMI informed Plaintiffs' failure to make modification payments caused the Property to go back into

3

foreclosure. Plaintiffs conducted a records search and discovered that there was nothing to indicate that the foreclosure had been expunged and demanded documents from Defendant CMI. Defendant CMI advised Plaintiffs that they would be placed back on the modification plan. Plaintiffs provided requested income statements but Defendant CMI did not provide documents showing that the first foreclosure had been reversed. Defendant Trott & Trott sent a letter in November 2010 stating that the foreclosure was reversed but the letter had the wrong name and address. Plaintiffs informed Defendant Trott & Trott of the mistake. The Property was sold again at a sheriff's sale to Freddie Mac on June 22, 2011. The redemption period expired on December 22, 2011.

## III. PROCEDURAL HISTORY

Plaintiffs John Roche and Sue Radulovich filed the present action *pro se* in Wayne County Circuit Court on December 22, 2011. In their Complaint, Plaintiffs allege negligence and fraud, and request that this Court set aside a foreclosure sale and void or cancel the assignment of the recorded mortgage. Plaintiffs also claim wrongful foreclosure and request for injunctive relief, breach of contract, breach of implied covenant of good faith and fair dealing, fraudulent business practices, quiet title, slander of title, and intentional infliction of emotional distress.

Defendants initially removed the action to this Court on January 20, 2012. At

that time, Freddie Mac had filed an action in Grosse Pointe Municipal Court requesting that the court evict Plaintiffs. The Grosse Pointe Municipal Court found that there were "numerous ambiguities" in the assignment of the mortgage and that the mortgage did not "encompass [Plaintiffs'] entire property." The municipal court concluded that it could not "summarily enlarge [the] mortgage." Defendants filed a motion for reconsideration. On September 28, 2012, the Court entered an Order Dismissing the Action without Prejudice. **[Case No. 12-CV-10266, Docket No. 14]** The Court determined that the *Rooker-Feldman* doctrine, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), prohibited this Court from "making a decision that would have the effect of reversing the municipal court's decision." On April 8, 2014, following reopening of the case in Wayne County Circuit Court, Defendant Freddie Mac removed the case to this Court for a second time. **[Docket No. 1]**

## IV. ANALYSIS

In the instant filing, Plaintiffs raise three arguments: (1) Plaintiffs object to the reassignment of the instant case to the Honorable Judge Mark A. Goldsmith and request that the case be returned to this Court; (2) Plaintiffs move the Court to strike what they deem to be an improper or untimely removal and remand this case to state court; and (3) Plaintiffs request sanctions claiming that Defendants "knowingly

ignor[ed] removal rules in an effort to forum shop and avoid [this] docket and the Circuit Court's adverse rulings." The Court will address the request for reassignment, request to return the case to this Court, and request for sanctions together as the arguments are related.

### A. REASSIGNMENT, REQUEST TO RETURN CASE, AND REQUEST FOR SANCTIONS

Plaintiffs first argue that this case should be reassigned to this Court and the Honorable Denise Page Hood. Relying on Local Rule 83.11(c)(1), Plaintiffs contend that Defendants violated this Court's local rules by failing to notify the Court that there was a prior pending matter. Local Rule 83.11(c)(1) states:

> (1) If an action is filed or removed to this court and assigned to a judge and then is discontinued, dismissed, or remanded to a state court and later refiled, it shall be assigned to the same judge who received the initial case assignment without regard for the place of holding court where the case was refiled. Counsel or a party without counsel must bring such cases to the court's attention by responding to the questions on the civil case cover sheet or in the electronic filing system.

The Court is satisfied that Defendants complied with the rules of the Court when removing this case. A review of the docket sheet shows that when removing this case, Defendant Freddie Mac listed as a previously dismissed case: Eastern District of Michigan, 2:12-CV-10266, Judge Hood, thereby notifying the Court that there was

a case previously in this Court related to the instant case. Local Rule 83.11(a)(1) states that "[i]n . . . Detroit . . . the Clerk shall employ a random method for the assignment of civil cases (excluding social security cases and special civil cases) to Judges." This case was initially randomly assigned to Judge Goldsmith but reassigned to this Court and the Honorable Denise Page Hood on April 18, 2014, prior to Plaintiffs filing their motion. Plaintiffs' objection to reassignment and request that the case be assigned to this Court's docket is **DEEMED MOOT**.

As to Plaintiffs' request for sanctions, the Court notes that a motion for sanctions under Rule 11 shall be made separately from other motions. *See* Fed. R. Civ. P. 11(c)(1)(A). Said motion shall not be filed with the Court unless, within 21 days after service of the motion on the opposing party, the challenged paper is not withdrawn. *See id.*; *See also Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir.1995); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327-28 (2d Cir.1995). Here, Plaintiffs failed to comply with the federal rule. Plaintiffs attached their request for sanctions to a motion requesting action on other issues. Additionally, there is no indication that Plaintiffs complied with the 21 day requirement. Plaintiffs' request may be denied on this basis.

Notwithstanding Plaintiffs' failure to comply with the rules in their request for sanctions, the Court also denies Plaintiffs' request because it is unpersuaded that

Plaintiffs have stated a basis for Rule 11 sanctions. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). However here, as discussed above, Defendants complied with the local rules pertaining to removal and notifying the Court of a prior, related case. Plaintiffs' argument for sanctions as it could relate to Plaintiffs' contention of improper service is also without merit. Defendant Freddie Mac attached to its notice of removal certification that all documents related to the removal **[Docket No. 1]** were "mailed by first class U.S. Mail with postage fully prepaid" to:

> John Roche and Sue Radulovich
> Plaintiffs
> 505 Hampton Road
> Grosse Pointe Woods, MI 48236

Federal Rule of Civil Procedure 5(b)(2)(C) provides that service may be effectuated by mailing the notice of removal to the party's last known address. In this event, "service is complete upon mailing." Defendants mailed the notice of removal to the address listed on Plaintiffs' Complaint. This is the same address that is the subject of the present suit. The Federal Rules of Civil Procedure do not require Defendants to do more. Because both removal and service were procedurally proper

8

in this case, Plaintiffs' request for sanctions is **DENIED**.

### B. MOTION TO STRIKE AND REMAND

Plaintiffs' remaining argument is that this Court should strike Defendants' notice of removal and remand this case to state court. Specifically, Plaintiffs claim that the matter was "wrongfully removed from the Wayne County Circuit Court in violation of 28 USC § 1447 . . . as more than 30 days elapsed since Defendants had notice the state court matter was reinstated." Plaintiffs contend that the order of reinstatement was entered on February 7, 2014, but that the Notice of Removal was not filed until April 8, 2014. Plaintiffs' reliance on the 30-day requirement, however, is misplaced.

The Court is satisfied that Defendant Freddie Mac properly and timely removed this case from Wayne County Circuit Court to this Court. By notice of removal, defendant Freddie Mac removed the case to this Court pursuant to 12 U.S.C. § 1452(f) which deems Freddie Mac to be an agency of the United States and specifically authorizes it to remove civil actions from state to federal court. 12 U.S.C. §1452(f), states, in relevant part:

> any civil or other action, case or controversy in a court of a State . . . to which [Freddie Mac] is a party may at any time before the trial thereof be removed by [Freddie Mac], . . . to the district court of the United States for the district and division embracing the place where the same is

9

> pending . . . by following any procedure for removal of
> causes in effect at the time of such removal.

12 U.S.C. §1452(f). Pursuant to this statute, Freddie Mac could remove the case to this Court "at any time before the trial". *Id.* Because trial in this case has not yet commenced and there is no indication by the other Defendants that they object to removal (the Notice of Removal in fact stating that "Defendants CitiMortgage, Inc. . . . Trott & Trott, PC, . . . and Federal Home Loan Mortgage Corporation . . . together as "Defendants" . . . remove this action"), removal was timely and proper.

Plaintiffs also argue that Freddie Mac lacks standing in this matter. However, Plaintiffs filed suit against Freddie Mac and have not filed anything that acts to remove Freddie Mac from this case, preventing it from using its right to remove this case to federal court. Further, Plaintiffs' argument relying on the *Rooker-Feldman* doctrine no longer applies as the Grosse Pointe Municipal Court case is now closed. Plaintiffs' Motion to Strike the Notice of Removal and remand this case to state court is **DENIED**.

V. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Objections to Docket Reassignment and Request for Case to be Returned to Prior Judge and Docket Number, Motion to Strike and Remand to State Court, and Request for Sanctions **[Docket No. 17, filed**

**April 28, 2014]** is **DEEMED MOOT** as to Plaintiffs' objection to docket reassignment and request for the case to be returned this Court. Plaintiffs' Motion to Strike and remand to state court is **DENIED**. Plaintiffs' request for sanctions is also **DENIED**.

    **IT IS SO ORDERED**.

                                S/Denise Page Hood
                                Denise Page Hood
                                United States District Judge

Dated: March 19, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2015, by electronic and/or ordinary mail.

                                S/LaShawn R. Saulsberry
                                Case Manager