# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN ROCHE AND
SUE RADULOVICH,

        Plaintiffs,

v.                                    Case No. 14-CV-11424
                                    Hon. Denise Page Hood

CITIMORTGAGE, INC.,
TROTT & TROTT, P.C.,
FEDERAL HOME LOAN MORTGAGE CORP.,
JOHN DOE AND MARY ROE,

        Defendants.

_____/

## ORDER DENYING MOTIONS FOR REHEARING/RECONSIDERATION

This matter is before the Court on Plaintiffs John Roche and Sue Radulovich's Motion for Rehearing/Reconsideration under Fed. R. Civ. P. 59(e) and Supplemental Motion for Rehearing/Reconsideration. (Doc. Nos. 70 and 72) On September 30, 2017, a Judgment and Order dismissing the Complaint were entered in this action. (Doc. Nos. 68 and 69)

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be

granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.

2

*Haines v. Kerner*, 404 U.S. 519 (1972). However, courts have refused to excuse *pro se* litigants from failing to follow basic procedural requirements such as filing deadlines. Nor do the courts grant special or preferential treatment to *pro se* parties in responding to motions. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

In their Motion for Rehearing/Reconsideration, Plaintiffs argue that the Court cannot overrule the rulings and findings made by the Grosse Pointe Woods Court that the assignment of the mortgage was improper and that the Grosse Pointe Shore parcel was not included in the mortgage. This argument was raised and thoroughly argued by the parties in the various papers filed by the parties. The matter was previously before the Grosse Pointe Woods Court on the request for Possession of Judgment after foreclosure proceedings against Plaintiffs had been finalized. The Quiet Title issue was not addressed since that court believed it had no authority to issue a ruling on the claim. The Quiet Title claim was raised by Plaintiffs in the removed Complaint. The Court found against Plaintiffs on the Quiet Title Claim.

The Court finds that Plaintiffs' motion merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Plaintiffs have failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. Plaintiffs have not

3

shown that the Court clearly erred in ruling that Plaintiffs' Complaint should be dismissed.

Accordingly,

IT IS ORDERED that Plaintiffs' Motions for Rehearing/Reconsideration (**Doc. Nos. 70 and 72**) are DENIED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 30, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager